IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
JUL 2 3 2019
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Criminal No. 3:19-cr-_103_ |
| | ) |
| v. | ) 18 U.S.C. § 2261A(2)(B) |
| | ) Cyberstalking |
| SATYASURYA SAHAS THUMMA, | ) (Counts 1 and 2) |
| | ) |
| *Defendant.* | ) 18 U.S.C. §§ 1030(a)(2), (b) & |
| | ) (c)(2)(B)(i) and (ii) |
| | ) Unauthorized Access of a Protected |
| | ) Computer to Obtain Information |
| | ) (Count 3) |
| | ) |
| | ) 18 U.S.C.§§ 1028A(a)(1) |
| | ) Aggravated Identity Theft |
| | ) (Count 4) |
| | ) |
| | ) 18 U.S.C. § 1030(i)(1) |
| | ) Forfeiture Notice |

## INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

### COUNT ONE
(Cyberstalking)

Beginning on or about December 25, 2018, and continuing through on or about April 24, 2019, in the Eastern District of Virginia and elsewhere, the defendant,

**SATYASURYA SAHAS THUMMA,**

with the intent to injure, harass, and intimidate another person, identified herein as H.R., did use an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and facilities of interstate and foreign commerce, to engage in a

course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to H.R.

(In violation of Title 18, United States Code, Section 2261A(2)(B).)

## COUNT TWO
(Cyberstalking)

Beginning on or about April 13, 2018, and continuing through on or about April 20, 2018, in the Eastern District of Virginia and elsewhere, the defendant,

**SATYASURYA SAHAS THUMMA,**

with the intent to injure, harass, and intimidate another person, identified herein as K.N.C., did use an interactive computer service, electronic communication service, electronic communication system of interstate commerce, and facilities of interstate and foreign commerce, to engage in a course of conduct that caused, attempted to cause, and would be reasonably expected to cause substantial emotional distress to K.N.C.

(In violation of Title 18, United States Code, Section 2261A(2)(B).)

## COUNT THREE
(Unauthorized Access of a Protected Computer to Obtain Information)

On or about February 16, 2019, in the Eastern District of Virginia and elsewhere, the defendant,

**SATYASURYA SAHAS THUMMA,**

intentionally accessed a computer without authorization, and exceeded any authorized access to a computer, specifically, the Twitter user account of another person, identified herein as H.R., located on servers belonging to Twitter, to obtain information, specifically, H.R.'s Twitter friends list, and the offense was committed for purposes of commercial advantage and private financial gain, and in furtherance of a criminal and tortious act in

2

violation of the Constitution and the laws of the United States, specifically, cyberstalking, in violation of Title 18, United States Code, Section 2261A(2)(B).

(In violation of Title 18, United States Code, Sections 1030(a)(2), (b) and (c)(2)(B)(i) and (ii).)

## COUNT FOUR
(Aggravated Identity Theft)

On or about On February 16, 2019, in the Eastern District of Virginia and within the jurisdiction of this Court, the defendant,

**SATYASURYA SAHAS THUMMA,**

did knowingly and unlawfully possess and use without lawful authority the means of identification of another person, that is, the password controlling access to the Twitter account subscribed to and used by H.R., during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: accessing a protected computer in furtherance of fraud, in violation of 18 U.S.C. §§ 1030(a)(4), (b) and (c)(3)(A).

(In violation of Title 18, United States Code, Section 1028A(a)(1).)

## FORFEITURE NOTICE

Pursuant to Federal Rule of Criminal Procedure 32.2, the defendant is hereby notified that upon conviction of the offense alleged in Count Three of this Information, the defendant shall forfeit to the United States: (1) any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as the result of the offense; and (2) any personal property that was used or intended to be used to commit or to facilitate the commission of the offense.

If any property that is subject to forfeiture above is not available, it is the intention of the United States to seek an order forfeiting substitute assets pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

Property subject to forfeiture includes, but is not limited to:

**Apple iPhone X, IMEI 35304309608429.**

(In accordance with Title 18, United States Code, Section 1030(i)(1).)

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: _____
Brian R. Hood
Assistant United States Attorney